UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID WAYNE CROCKER, | ) | 1:09-CV-00970 LJO SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR DEFAULT JUDGMENT |
| v. | ) | |
| | ) | [Doc. #25] |
| K. HARRINGTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 30, 2009, Petitioner filed a motion requesting default for Respondent's alleged failure to comply with a court-ordered deadline. Petitioner alleges he is entitled to default. The Court rejects this contention. 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.  In Townsend v. Sam, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Court said: "State prisoners are entitled to relief on

federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." The burden to show that he is in custody in violation of the Constitution of the United States is on Petitioner. The failure of State officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof. Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons.

Moreover, the docket reflects that Respondent did in fact timely comply with the deadline set by the Court. On July 9, 2009, the Court set the deadline for filing a response to September 17, 2009. On September 17, 2009, Respondent filed a motion for additional time which was granted by the Magistrate Judge on September 24, 2009.

For these reasons, Petitioner is not entitled to default judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (Respondent's failure to timely respond to petition does not entitle Petitioner to default.).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for default is DENIED.

IT IS SO ORDERED.

**Dated:   October 5, 2009**             /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE