1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE CROCKER,      ) | 1:09-CV-00970 LJO SMS HC |
|         ) | |
|         Petitioner,   ) | |
|         ) | FINDINGS AND RECOMMENDATION |
|       v.         ) | REGARDING RESPONDENT'S MOTION |
|         ) | TO DISMISS |
| K. HARRINGTON,        ) | [Doc. #32] |
|         ) | |
|         Respondent.   ) | |
| _____ ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections at the North Kern State Prison serving his sentence for his 1980 conviction for second degree murder. See Amended Petition.  Petitioner challenges a parole hearing held in 2007 and claims he was illegally removed from the proceedings. He also claims he is entitled to a determinate sentence which has already been completed. Finally, he claims that Respondent refuses to recognize the determinate sentence in violation of his right to equal protection and his right to be free from ambiguous and ex post facto laws.

Petitioner filed his habeas petition in this Court on May 21, 2009. He filed an amended petition on July 6, 2009. Respondent filed a motion to dismiss the petition on October 26, 2009, for failure to exhaust and for violating the statute of limitations. Petitioner filed an opposition on November 16, 2009.

**DISCUSSION**

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a failure to exhaust state remedies in violation of 28 U.S.C. § 2254(b)(1) and a violation of the statute of limitations set forth in 28 U.S.C. 2244(d)(1). Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Exhaustion

A petitioner who is in state custody and wishes to bring a habeas petition must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent contends that Petitioner's challenge to his removal from the 2007 parole consideration hearing is unexhausted. Respondent is correct. As noted by Respondent, Petitioner did not raise this claim in his petition before the California Supreme Court. <u>See</u> Exhibit A, Answer. The claim is therefore unexhausted. The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss such a petition without prejudice to give Petitioner an

1    opportunity to exhaust the claims.  See Rose, 455 U.S. at 521-22.

2    III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

3         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

4    1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

5    habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

6    2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct.

7    586 (1997).

8         In this case, the petition was filed on May 21, 2009, and therefore, it is subject to the

9    provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

10   seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

11   § 2244, subdivision (d) reads:

12        (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
          corpus by a person in custody pursuant to the judgment of a State court.  The
13        limitation period shall run from the latest of –

14             (A) the date on which the judgment became final by the conclusion of direct
          review or the expiration of the time for seeking such review;
15

16             (B) the date on which the impediment to filing an application created by
          State action in violation of the Constitution or laws of the United States is removed, if
          the applicant was prevented from filing by such State action;
17

18             (C) the date on which the constitutional right asserted was initially recognized by
          the Supreme Court, if the right has been newly recognized by the Supreme Court and made
          retroactively applicable to cases on collateral review; or
19

20             (D) the date on which the factual predicate of the claim or claims presented
          could have been discovered through the exercise of due diligence.

21        (2) The time during which a properly filed application for State post-conviction or
          other collateral review with respect to the pertinent judgment or claim is pending shall
22        not be counted toward any period of limitation under this subsection.

23   28 U.S.C. § 2244(d).

24        In most cases, the limitations period begins running on the date that the petitioner's direct

25   review became final. In this case, Petitioner does not challenge the underlying conviction. With the

26   exception of the challenge to the 2007 parole hearing, Petitioner claims his sentence should be

27   determinate pursuant to California law. Pursuant to § 2244(d)(1)(D), the statute commences on the

28   date when Petitioner could have discovered the factual predicate of the claim or claims presented.

1  Here, determining that exact date is difficult, but in any case, it is unnecessary. As noted by

2  Respondent, Petitioner raised the same claims he does here before the state courts in 2002. He filed a

3  habeas petition in the Los Angeles County Superior Court on August 1, 2002. See Exhibit C,

4  Answer. That petition was denied on December 31, 2002, in a reasoned decision. See Exhibit 4,

5  Petition.  Necessarily, the factual predicate for his claims were discovered prior to the date he filed

6  his state petition. In addition, the Court notes that Petitioner did not present his claims to the

7  California Supreme Court.[1] Given that the statute of limitations would have commenced prior to

8  December 21, 2002, the one-year period has long since expired.

9       A. Equitable Tolling

10      The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

11  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

12  way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

13  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

14  citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

15  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

16  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

17  (9th Cir.1993).  The Court finds no reason to equitably toll the limitations period in this case.

**RECOMMENDATION**

19      Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be

20  GRANTED and the habeas corpus petition be DISMISSED for failure to exhaust state remedies and

21  for violating the limitations period.

22      This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

23  United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

24  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

25  California.

---

[1]This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980). Accordingly, the Court takes judicial notice of the records of the California Supreme Court which reflect that Petitioner did not file any petitions with respect to his determinate sentence claim.

1    Within thirty (30) days after being served with a copy of this Findings and Recommendation,

2  any party may file written objections with the Court and serve a copy on all parties.  Such a

3  document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

4  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if

5  served by mail) after service of the Objections.  The Finding and Recommendation will then be

6  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

7  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may

8  waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

9  1991).

10

11

12  IT IS SO ORDERED.

13  **Dated:   December 14, 2009**          <u>        **/s/ Sandra M. Snyder**      </u>
                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28